# Kreamer *v.* Smith, Appellant.

*Contract—Sale—Partnership—Judgment note.*

Where a partnership consisting of two persons sells all of the lumber manufactured by it at a fixed price, and is paid for it in advance of delivery, one of the partners cannot sell his interest in the partnership and take a judgment note therefor, assuring the purchasers of the lumber that the contract will be carried out by a new partnership, and assign the note to a bank as collateral for an antecedent indebtedness, and give the bank the right to levy under the judgment entered on the lumber not delivered to the purchasers.

Argued April 16, 1906.      Appeal, No. 363, Jan. T., 1905, by defendant, from judgment of C. P. Clearfield Co., Sept. T., 1903, No. 379, for plaintiffs on feigned issue in case of Kreamer, Stevenson & Company v. The Citizens' National Bank of Warren, Pa., E. Gangewer, A. McMartin and V. V. Smith. Before FELL, BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Feigned issued to determine title to property levied on by sheriff. Before SMITH, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in entering judgment for plaintiffs on feigned issued tried by the court without a jury.

*Edward Lindsey* and *A. L. Cole*, with them *F. Blake Kuntz* and *Earle MacDonald*, for appellant.

*Thomas H. Murray*, with him *W. C. Pentz, Hazard A. Murray* and *J. P. O'Laughlin*, for appellee.

PER CURIAM, May 14, 1906:

This was a feigned issue, referred to the court without a jury, to determine the title to property levied on by the sheriff. It was shown at the trial that Smith and Gangewer were in possession of a tract of timber land and of mills and appliances for manufacturing lumber. Smith negotiated with the plaintiffs to sell to them the lumber manufactured and to obtain advance payments for it. The agreement made was that the plaintiffs should buy all the lumber at fixed prices per thou-

sand feet, delivered on cars, and that they should advance their notes from time to time to enable Smith and Gangewer to manufacture the lumber and store it until it was fit to ship. While this agreement was being carried out, Smith sold his interest in the partnership, and a new partnership of Gangewer and McMartin was formed. Smith took the judgment notes of this partnership in payment of his interest. He notified the plaintiffs that he had sold his interest but that the contract he had made with them would be carried out by the new partnership. He assigned the judgment notes to The Citizens' National Bank of Warren, the use plaintiff, as a collateral security for an antecedent indebtedness. The levy was by writs issued on judgments entered on these notes. The property in question is the lumber not delivered on cars but at the mill and in the pond and woods.

Both the old and the new partnership sent the plaintiffs statements and inventories of the lumber manufactured, and they received from the plaintiffs from time to time payments in excess of the price of all the lumber delivered and the lumber levied on. The plaintiffs, a short time before the levy, sent an inspector who, after a careful examination of the lumber manufactured at the mill and the lumber in the woods, made the last payment by note.

The rights of the use plaintiff in the judgment rose no higher than Smith's, and the question is whether he could cause a levy to be made on property which he had sold to the plaintiffs in the interpleader and for which they had paid in full to him and to the parties who were carrying out his contract, the payments to the latter having been made upon his assurance that the contract would be carried out. The sale was of all the lumber at a fixed price per thousand feet, the full price had been determined by a careful inspection of the undelivered lumber and had been paid, in fact overpaid, in advance of delivery. The vendees did everything in their power to complete the sale between the parties and all that remained to be done was delivery by the vendors. Whether the title had passed or not, Smith was estopped to sell the property to secure payment of his notes, to the injury of parties who had relied upon his acts and representations.

The judgment is affirmed.